UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

DAVID ALLEN,
an Individual,

      Plaintiff,

v.

COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION,
a Foreign Profit Corporation,

      Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **DAVID ALLEN** ("Plaintiff"), by and through his undersigned counsel, and sues the Defendant, **COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION** ("Defendant"), and alleges the following:

## INTRODUCTION

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## PARTIES

2. Plaintiff is an adult individual.

3. Plaintiff is protected by the ADEA because he is a male over forty (40) years of age who suffered discrimination because of his age by Defendant.

4. Plaintiff is protected by the ADEA because he suffered an adverse employment

action and was subjected disparate treatment based on his age, including being fired because of discrimination by Defendant regarding his age.

5. Defendant is a Foreign Profit Corporation incorporated in the state of Delaware that does business in Palm Beach County, FL.

6. At all times material, Defendant employed 20 or more employees.

7. Defendant is an employer as defined by 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

9. This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA claims.

10. Venue is proper in the West Palm Beach Division of the Southern District of Florida because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

11. On or around December 21, 2023, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

12. On or around September 4, 2025, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. Plaintiff timely files this action within the applicable period of limitations against

Defendant.

15.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.     Plaintiff, a sixty-two (62) year old man at the time, worked for Defendant as a Senior Project Manager from January 1, 2019, until his termination on March 1, 2023.

17.     During his tenure Plaintiff was an excellent employee, and had no significant history of attendance, disciplinary, or performance issues.

18.     Throughout Plaintiff's employment, Defendant repeatedly overlooked him in favor of younger employees.

19.     In 2023, Plaintiff was assigned to a new manager, Sonali Kulkarni ("Ms. Kulkarni").

20.     While working under Ms. Kulkarni, Plaintiff was required to fill the role of two full time positions, as a Project Manager and a Meta Process Lead.

21.     These two roles were intended to be separate, full time positions, however, Defendant enlisted Plaintiff to fulfill both roles simultaneously in an effort to save expenses.

22.     Plaintiff worked these roles with the promise that he was being "groomed" for a promotion.

23.     It became apparent that this was not sustainable long term, so Plaintiff's client decided to bring in a full time Process Lead.

24.     In December 2022, Ms. Kulkarni notified Plaintiff that he was being replaced by a younger employee who directly reported to Plaintiff.

25.     Ms. Kulkarni notified Plaintiff that he was being replaced because they wanted someone who was "on the ground" at Defendants' client's location.

26. However, this is clearly a pretextual reason, as Plaintiff's position involved managing work sites at two locations in two different states, therefore making it impossible to have an employee "on the ground".

27. In fact, it was Defendant's desire to have a younger employee take over Plaintiff's role.

28. In addition, Defendant was required Plaintiff train his replacement in this role.

29. After being required to train his younger replacement, Plaintiff was placed in a holding status.

30. According to Defendant's policies, Plaintiff had 35 days to be placed onto a new assignment or else he could be let go without severance.

31. Defendant had systematically done this with other older employees, refusing to reassign older employees to new assignments in favor of younger employees.

32. On March 1, 2023, with no new assignment given to Plaintiff, Defendant terminated Plaintiff, effective immediately.

33. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

34. It is clear that Defendant discriminated against Plaintiff based on age.

35. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is a pretext.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

37. Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts.

38.     Defendant's decision to replace Plaintiff with younger employees evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate treatment in violation of the law.

39.     Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

40.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination and retaliation he endured at the hands of the Defendant.

41.     Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

42.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: VIOLATION OF THE ADEA
## DISPARATE TREATMENT, BASED ON AGE DISCRIMINATION

43.     Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 8 and 10 through 42, above.

44.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the ADEA, Section 29 U.S.C. Section 626 (b and c).

45.     Plaintiff was over forty (40) years old while working for Defendant.

46.     Plaintiff was treated disparately and in a less favorable manner than other, younger co-workers.

47.     Plaintiff suffered from an adverse employment action, including ultimately being terminated, due solely on the basis of Plaintiff's age.

48.     Plaintiff was not terminated for cause.

49.     Plaintiff would not have been terminated, but for his age.

50.     Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

51.     Plaintiff had more seniority than the employee who took over his primary job duties.

52.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

53.     Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

54.     Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

55.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

**WHEREFORE,** Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of front pay;  grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and provide any additional relief that this Court deems just.

### COUNT II: VIOLATION OF THE FCRA
### DISPARATE TREATMENT, BASED ON AGE DISCRIMINATION

56.     Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 7 and 9 through 42, above.

57.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's

6

rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

58.     Plaintiff was over forty (40) years old while working for Defendant.

59.     Plaintiff was treated disparately and in a less favorable manner than other, younger co-workers.

60.     Plaintiff suffered from an adverse employment action, including ultimately being terminated, due solely on the basis of Plaintiff's age.

61.     Plaintiff was not terminated for cause.

62.     Plaintiff would not have been terminated, but for his age.

63.     Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

64.     Plaintiff had more seniority than the employee who took over his primary job duties.

65.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

66.     Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

67.     Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

68.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

**WHEREFORE,** Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of front pay;  grant Plaintiff a judgment against Defendant for all lost wage and

compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and provide any additional relief that this Court deems just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 2nd day of December, 2025.

Respectfully submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorney for the Plaintiff*